UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MELISSA ANDREA PEÑA,<br><br>Plaintiff,<br><br>-against-<br><br>ESPN ZONE, INC.; THE WALT DISNEY COMPANY; TWDC ENTERPRISES 18 CORP. (f/k/a DISNEY ENTERPRISES, INC.); and JOHN DOES 1-10,<br><br>Defendants. | Case No. 1:26 cv 08252<br>Formerly Index No: 158912/2026<br>Supreme Court of State of New York<br>County of New York<br><br>**NOTICE OF REMOVAL** |

Pursuant to the provisions of 28 U.S.C. §§ 1332, 1441 and 1446, Defendants The Walt Disney Company ("WDC") and TWDC Enterprises 18 Corporation in this matter ("TWDC," and collectively, the "Defendants"), by and through their undersigned counsel, hereby remove the above-captioned action from the Supreme Court of the State of New York, New York County, to the United States District Court for the Southern District of New York and state as follows:

## I. FACTUAL BACKGROUND

1. On August 17, 2026, Melissa Andrea Peña ("Plaintiff") filed a Summons and Verified Complaint against Defendants in the action *Melissa Andrea Peña v. ESPN Zone, Inc.; The Walt Disney Company; TWDC Enterprises 18 Corp. (f/k/a Disney Enterprises, Inc.); and John Does 1-10* in the Supreme Court of New York, New York County, Index No. 158912/2026 (the "State Court Action"). A copy of the Summons and Complaint is attached as **Exhibit A**.

2. Plaintiff served Defendants WDC and TWDC respectively with a copy of the Summons and Complaint on or about August 26, 2026. Copies of the respective affirmations of service, filed in the State Court Action, are attached as **Exhibit B**.

3. To date, Defendant ESPN Zone, Inc.[1] has not been served.

4. Defendants have not filed an answer or otherwise responded to the Complaint. Other than the Summons, Complaint and affidavits of service, no other pleadings or papers have been filed in the State Court Action.

5. Plaintiff claims that Defendants violated the New York City Victims of Gender-Motivated Violence Protection Law, N.Y.C. Administrative Code §§ 10-1101 et seq. ("GMVA").

6. By filing a Notice of Removal in this matter, Defendants do not waive their right to object to service of process, the sufficiency of process, jurisdiction over the person, or venue, and Defendants specifically reserve their right to assert any defenses and/or objections to which they may be entitled, including to a dismissal under Federal Rule of Civil Procedure 12(b)(6) and or to request a more definite statement.

## II. <u>JURISDICTION AND VENUE</u>

7. This action is properly removable under 28 U.S.C. § 1332(a), because the United States District Court has original jurisdiction in this case under 28 U.S.C. § 1332(a), which provides that "[t]he district courts shall have original jurisdiction in all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between…citizens of different states...."

8. The amount in controversy appears to exceed the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states. This was true at the time of filing of the Complaint and remains true at the time of the filing of this Notice of Removal.

9. A corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of

---

[1] Defendants have not located, and accordingly are unaware of the existence of, an entity called "ESPN Zone, Inc." The restaurant ESPN Zone became defunct in 2018, long prior to the events at issue in this action.

business. 28 U.S.C. § 1332(c)(1). A corporation has its principal place of business where its high level officers direct, control, and coordinate the corporation's activities, i.e., its "nerve center," which will typically be found at its corporate headquarters. *Hertz Corp. v. Friend*, 559 U.S. 77 (2010).

10. According to the Complaint, Plaintiff is a citizen of the State of New York. *See* Complaint at ¶5.

11. Defendant WDC is a corporation organized under the laws of the State of Delaware and maintains its principal place of business in the State of California. Defendant WDC therefore is a citizen of Delaware and California within the meaning of 28 U.S.C. § 1332.

12. Defendant TWDC is a corporation organized under the laws of the State of Delaware and maintains its principal place of business in the State of California. Defendant TWDC therefore is a citizen of Delaware and California within the meaning of 28 U.S.C. § 1332.

13. Accordingly, complete diversity of citizenship exists.

## III. PROCEDURAL REQUIREMENTS

14. This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b) as it is filed within thirty (30) days of Plaintiff serving Defendants with the Summons and Complaint.

15. In compliance with 28 U.S.C. § 1446(a), a copy of the Notice of Filing of Removal will be filed in the Supreme Court of the State of New York, New York County.

16. In compliance with 28 U.S.C. § 1446(d), Defendants will promptly give written notice of this Notice of Removal to Plaintiff's counsel of record.

WHEREFORE, Defendants respectfully request that this civil action be removed from the Supreme Court of the State of New York, New York County, to the United States District Court for the Southern District of New York.

Dated: September 22, 2026

Respectfully submitted,

/s/ Helene Hechkopf

Helene R. Hechtkopf
Daisy Franco
Hoguet Newman Regal & Kenney, LLP
60 East 42nd Street, 48th Floor
New York, NY 10165
Tel. (212) 689-8808
hhechtkopf@hnrklaw.com
dfranco@hnrklaw.com

*Attorneys for Defendants*