# Exhibit A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------X
**MELISSA ANDREA PEÑA,**

*Plaintiff,*

*-against-*

**ESPN ZONE, INC.; THE WALT DISNEY COMPANY; TWDC ENTERPRISES 18 CORP. (f/k/a DISNEY ENTERPRISES, INC.); and JOHN DOES 1-10,**

*Defendants.*
-----------------------------------------------------------X

Index No. ________/2026

Date Filed: __________

**SUMMONS**

Plaintiff designates New York County as the place of trial.

The basis of venue is the place where the cause of action arose, at:

ESPN Zone
1472 Broadway
New York, New York 10036

County of New York

**To the above-named Defendants:**

YOU ARE HEREBY SUMMONED to answer the Complaint in this action and to serve a copy of your Answer, or, if the Complaint is not served with this Summons, to serve a Notice of Appearance on the Plaintiff's attorney within twenty (20) days after the service of this Summons, exclusive of the day of service (or within thirty (30) days after the service is complete if this Summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the Complaint.

Dated: New York, New York
July 17, 2026

**MARK DAVID SHIRIAN P.C.**

By: ______________________
MARK D. SHIRIAN, ESQ.
*Attorneys for Plaintiff*
228 East 45th Street, Suite 1700-B
New York, New York 10017
Tel.: (212) 931-6530
Fax: (212) 898-0163
Email: mshirian@shirianpc.com

**To:**

**ESPN ZONE, INC.**
c/o Corporation Service Company, Registered Agent
80 State Street
Albany, New York 12207

**THE WALT DISNEY COMPANY**
c/o Corporation Service Company, Registered Agent
80 State Street
Albany, New York 12207

**TWDC ENTERPRISES 18 CORP. (f/k/a DISNEY ENTERPRISES, INC.)**
c/o Corporation Service Company, Registered Agent
80 State Street
Albany, New York 12207

**JOHN DOES 1-10**
*Identities and addresses presently unknown; to be served upon identification through discovery.*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
---------------------------------------------------------X

**MELISSA ANDREA PEÑA,**

*Plaintiff,*

*-against-*

**ESPN ZONE, INC.; THE WALT DISNEY COMPANY; TWDC ENTERPRISES 18 CORP. (f/k/a DISNEY ENTERPRISES, INC.); and JOHN DOES 1-10,**

*Defendants.*
---------------------------------------------------------X

Index No. ________/2026

**VERIFIED COMPLAINT**

***Jury Trial Demanded***

Plaintiff MELISSA ANDREA PEÑA ("Plaintiff"), by and through her attorneys, MARK DAVID SHIRIAN P.C., as and for her Verified Complaint against Defendants ESPN ZONE, INC. ("ESPN Zone"); THE WALT DISNEY COMPANY ("Disney"); TWDC ENTERPRISES 18 CORP. (f/k/a DISNEY ENTERPRISES, INC.) ("TWDC"); and JOHN DOES 1-10 (collectively, "Defendants"), respectfully alleges as follows:

## PRELIMINARY STATEMENT

1. This is a civil action brought exclusively pursuant to the New York City Victims of Gender-Motivated Violence Protection Law, N.Y.C. Administrative Code §§ 10-1101 et seq. ("GMVA"), as amended by New York City Council Bill 1297-A (effective January 29, 2026), to recover compensatory and punitive damages, injunctive and declaratory relief, attorneys' fees and costs, and all other available remedies for injuries arising from a gender-motivated physical assault committed against Plaintiff and the systemic enabling of that assault and its aftermath by the Institutional Defendants.

2. In or about July 2004, while Plaintiff was visibly pregnant and employed as a Founding Server and Corporate Server Trainer at ESPN Zone in New York City, non-party Kevin Hatrick ("Hatrick"), a Busser Floor Manager employed by ESPN Zone, physically assaulted Plaintiff in the bar area of the establishment during a shift change. This assault was a crime of violence motivated by gender within the meaning of the GMVA.

3. When Plaintiff reported the assault to the Corporate Human Resources office of The Walt Disney Company, the Institutional Defendants failed to take adequate remedial action. Instead, Plaintiff was subjected to years of systematic retaliation, including the stripping of her earned seniority, denial of promotions, loss of preferred shifts, and an attempted retaliatory termination, all orchestrated by management personnel acting within the scope of their employment with the Institutional Defendants. These acts of retaliation constituted a continuation and furtherance of the gender-motivated violence and demonstrate the Institutional Defendants' enabling of, participation in, and conspiracy in the commission of that violence.

4. This action is timely commenced within the eighteen (18) month lookback window established by NYC Council Bill 1297-A, which permits the filing of civil claims for crimes of violence motivated by gender that occurred prior to January 9, 2022, against both individual perpetrators and any party who committed, directed, enabled, participated in, or conspired in the commission of such crimes. The lookback window opened on January 29, 2026 and closes on or about July 29, 2027.

## PARTIES

5. Plaintiff MELISSA ANDREA PEÑA is a natural person and, at all relevant times, was a resident of the City, County, and State of New York. Plaintiff resided and was employed within the five boroughs of New York City.

6. Non-party KEVIN HATRICK ("Hatrick") is a natural person who, at all relevant times, was employed as a Busser Floor Manager at ESPN Zone, a restaurant and entertainment venue located in Manhattan, New York County, New York. Although not named as a defendant in this action, Hatrick is the individual who committed the crime of violence motivated by gender against Plaintiff, and his conduct constitutes the predicate crime of violence motivated by gender that the Institutional Defendants enabled, participated in, and conspired in within the meaning of the GMVA.

7. Defendant ESPN ZONE, INC. ("ESPN Zone") was, at all relevant times, a domestic or foreign corporation authorized to do business in the State of New York, and owned and/or operated the ESPN Zone restaurant and entertainment venue located at 1472 Broadway, New York, New York 10036. ESPN Zone was Plaintiff's employer during the relevant time period. ESPN Zone is sued for directing, enabling, participating in, and/or conspiring in the commission of the crime of violence motivated by gender against Plaintiff. ESPN Zone may be served through its registered agent, Corporation Service Company, 80 State Street, Albany, New York 12207.

8. Defendant THE WALT DISNEY COMPANY ("Disney") is a diversified worldwide entertainment company organized under the laws of the State of Delaware, with its principal executive offices located at 500 South Buena Vista Street, Burbank, California 91521, and authorized to do business in the State of New York. Disney was, at all relevant times, the parent corporation of ESPN Zone and/or exercised direct or indirect control over the operations,

management, and human resources functions of ESPN Zone, including the Corporate Human Resources department to which Plaintiff reported the assault. Disney is sued for enabling, participating in, and/or conspiring in the commission of the crime of violence motivated by gender against Plaintiff. Disney, as a foreign corporation authorized to do business in New York, may be served through the New York Secretary of State pursuant to N.Y. Business Corporation Law § 306, One Commerce Plaza, 99 Washington Avenue, Albany, New York 12231, and/or through its registered agent for service of process.

9. Defendant TWDC ENTERPRISES 18 CORP. (f/k/a DISNEY ENTERPRISES, INC.) ("TWDC") is a domestic or foreign corporation organized and existing under the laws of the State of Delaware and authorized to do business in the State of New York. TWDC was, at all relevant times, a subsidiary or affiliate of Disney that participated in the management, oversight, and/or human resources operations of ESPN Zone. TWDC is sued for enabling, participating in, and/or conspiring in the commission of the crime of violence motivated by gender against Plaintiff. TWDC may be served through its registered agent, Corporation Service Company, 80 State Street, Albany, New York 12207.

10. Defendants JOHN DOES 1-10 are individuals, entities, corporations, partnerships, and/or other legal entities whose identities are presently unknown to Plaintiff, but who, upon information and belief, committed, directed, enabled, participated in, or conspired in the commission of the gender-motivated violence against Plaintiff and/or the retaliatory conduct described herein. Plaintiff reserves the right to amend this Complaint to identify said Defendants upon the completion of discovery.

11. At all relevant times, Defendants ESPN Zone, Disney, and TWDC (collectively, the "Institutional Defendants") operated as a single integrated enterprise and/or the Institutional

Defendants exercised sufficient dominion and control over one another such that each is liable for the acts and omissions of the others as described herein.

## JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction over this action pursuant to N.Y. C.P.L.R. § 301 and the New York City Administrative Code.

13. Venue is properly laid in New York County pursuant to C.P.L.R. §§ 503 and 509 because the events giving rise to this action occurred in New York County, New York.

14. This action is timely commenced within the eighteen (18) month lookback window established by New York City Council Bill 1297-A, which became effective on January 29, 2026. Bill 1297-A creates a civil cause of action for crimes of violence motivated by gender that occurred prior to January 9, 2022, and permits claims to be commenced within eighteen (18) months of the effective date of the local law. The lookback window remains open until approximately July 29, 2027.

## STATUTORY FRAMEWORK

15. The GMVA, originally enacted in 2000 as the "Victims of Gender-Motivated Violence Protection Act" (N.Y.C. Admin. Code §§ 8-901 *et seq.*, later renumbered as §§ 10-1101 *et seq.*), was enacted by the New York City Council to provide a civil remedy for victims of gender-motivated violence.

16. The GMVA defines a "crime of violence" as "an act or series of acts that would constitute a misdemeanor or felony against the person as defined in state or federal law." N.Y.C. Admin. Code § 10-1103.

17. The GMVA defines a "crime of violence motivated by gender" as "a crime of violence committed because of gender or on the basis of gender, and due, at least in part, to an animus based on the victim's gender." *Id.*

18. Under the GMVA, "any person claiming to be injured by a party who commits, directs, enables, participates in, or conspires in the commission of a crime of violence motivated by gender has a cause of action against such party" for compensatory and punitive damages, injunctive and declaratory relief, attorneys' fees and costs, and such other relief as a court may deem appropriate. N.Y.C. Admin. Code § 10-1104.

19. New York courts have recognized that allegations of sexual assault state a claim under the GMVA because malice or ill will based on gender is apparent from the commission of the act itself.

20. Nothing in the GMVA requires a prior criminal complaint, prosecution, or conviction to establish the elements of a cause of action. N.Y.C. Admin. Code § 10-1105(c).

21. On November 25, 2025, the New York City Council passed Bill 1297-A (Introduction 1297-A), which created a new civil cause of action for crimes of violence motivated by gender that occurred prior to January 9, 2022. Former Mayor Eric Adams vetoed the bill, but the City Council overrode the veto, and the bill became effective on January 29, 2026.

22. Bill 1297-A provides that "[a]ny person claiming to be injured by a party who commits, directs, enables, participates in, or conspires in the commission of a crime of violence motivated by gender" may bring a civil claim, and that such claims "must commence within 18 months of the effective date of the local law."

23. Bill 1297-A explicitly authorizes claims against not only individual perpetrators but also institutions, employers, government agencies, and other entities that enabled, directed, participated in, or conspired in the commission of gender-motivated violence.

## STATEMENT OF FACTS

### A. *Plaintiff's Employment and Standing at ESPN Zone*

24. In or about 1999, Plaintiff was hired as a Founding Server at the ESPN Zone restaurant and entertainment venue located in Manhattan, New York County, New York. ESPN Zone was owned and/or operated by one or more of the Institutional Defendants.

25. During her first five years of employment (1999 to 2004), Plaintiff established high seniority among the serving staff and achieved "Lead" capability status, having successfully completed the establishment's rigorous, high-volume launch training program.

26. Plaintiff was also designated as a Corporate Server Trainer, a position of trust and responsibility within the ESPN Zone and Walt Disney Company organization.

27. By the summer of 2004, Plaintiff had accrued more than five years of seniority, which entitled her to preferred morning shifts and other benefits of her tenure.

### B. *The Gender-Motivated Assault (July 2004)*

28. In or about early July 2004, on Plaintiff's final shift before commencing maternity leave, Plaintiff was physically assaulted by Hatrick in the bar area of ESPN Zone during a shift change.

29. At the time of the assault, Plaintiff was visibly pregnant.

30. Hatrick was employed by one or more of the Institutional Defendants as a Busser Floor Manager at ESPN Zone, and was acting within the scope of his employment at the time of the assault.

31. The assault committed by Hatrick constituted a physical sexual assault upon Plaintiff and was a "crime of violence motivated by gender" within the meaning of N.Y.C. Administrative Code § 10-1103, in that the assault constituted an act or series of acts that would constitute a misdemeanor or felony against the person as defined in state or federal law, including but not limited to Assault in the Third Degree (N.Y. Penal Law § 120.00), Forcible Touching (N.Y. Penal Law § 130.52), and/or Sexual Abuse in the Third Degree (N.Y. Penal Law § 130.55), and was committed because of and on the basis of Plaintiff's gender and was due, at least in part, to an animus based on Plaintiff's gender.

32. Malice or ill will based on gender is apparent from the commission of the assault itself.

33. A co-worker, Christian Fernandez, who held a Staff/Lead position, witnessed Plaintiff's immediate distress and hyperventilation following the assault and can testify to the exchange between Hatrick and Plaintiff.

34. As a direct and proximate result of the assault, Plaintiff suffered physical injury, severe emotional distress, psychological trauma, and other damages.

### *C. Report to Corporate HR and Defendants' Inadequate Response*

35. Within forty-eight (48) hours of the assault, Plaintiff reported the incident to the Corporate Human Resources office of The Walt Disney Company by calling the Corporate HR 800-number in Anaheim, California.

36. The Head of Human Resources acknowledged Plaintiff's complaint and presented Plaintiff with two options: (a) termination of Hatrick, or (b) an apology from Hatrick.

37. Feeling intimidated and fearing for her job security, Plaintiff did not insist upon Hatrick's termination.

38. Despite the purported option of an apology, the promised apology was never provided to Plaintiff by Hatrick or any representative of the Institutional Defendants.

39. The Institutional Defendants failed to conduct any meaningful investigation into the assault, failed to impose any meaningful discipline upon Hatrick, and failed to take any adequate remedial measures to protect Plaintiff from further harm. This conduct constituted enabling of and participation in the crime of violence motivated by gender within the meaning of the GMVA.

40. By failing to adequately address the assault and protect Plaintiff from retaliation, the Institutional Defendants enabled, participated in, and conspired in the ongoing harm caused to Plaintiff by the gender-motivated violence, and are liable as parties who enabled and participated in the commission of a crime of violence motivated by gender under N.Y.C. Administrative Code § 10-1104.

***D. Systematic Retaliation as Continuation and Furtherance of the Gender-Motivated Violence (2004 to 2010)***

41. Upon returning from maternity leave, Plaintiff was met with immediate hostility and a coordinated campaign of retaliation directed by multiple members of ESPN Zone management, including but not limited to General Manager Hugh Preece, Assistant General Manager Kevin

Greene, and Bar Manager Juan Feliciano, all of whom were agents, servants, and/or employees of the Institutional Defendants acting within the scope of their employment.

42. Plaintiff's earned seniority was stripped without cause or justification, and she was denied the morning shifts she had maintained for over five years.

43. Despite Plaintiff's tenure as a Corporate Server Trainer, she was repeatedly denied "Trainer" status and was blocked from further professional advancement. Upon information and belief, Kevin Greene was deliberately ensuring that Plaintiff would not succeed.

44. The local Human Resources representative, Karen Hammer, rather than mediating and resolving the hostile work environment, facilitated and perpetuated the hostile conditions directed at Plaintiff.

45. In or about 2005, Bar Manager Juan Feliciano attempted to have Plaintiff terminated in retaliation for her complaint about the assault. Plaintiff was forced to contact the Corporate Head of Human Resources a second time to reverse the retaliatory termination attempt.

46. The foregoing retaliatory conduct was directed, enabled, facilitated, and ratified by the Institutional Defendants through their agents, servants, and/or employees acting within the scope of their employment and/or with the actual or apparent authority of the Institutional Defendants.

47. The systematic retaliation Plaintiff suffered was motivated, at least in part, by Plaintiff's gender and by her decision to report the gender-motivated assault. The retaliation constituted a continuation and furtherance of the crime of violence motivated by gender, and further evidences the Institutional Defendants' enabling of, participation in, and conspiracy in the commission of gender-motivated violence against Plaintiff.

### *E. Additional Witnesses and Evidence*

48. In addition to Christian Fernandez, Plaintiff has identified the following individuals as witnesses with knowledge of the assault, retaliation, and/or hostile work environment: Dwayne Getter, Lissette Rodriguez, Lori Schmidt, Kim Cardiel, Diego Santamaria, Arletty Diaz, Karen Hammer, and Paolo Aquino.

49. Plaintiff has recovered a corporate email from the Disney/ESPN corporate domain that corroborates the communication climate and conditions during the relevant period.

50. Additional documentary evidence, including electronic communications contemporaneous with the relevant events, is believed to exist and may be recovered through the discovery process.

**FIRST CAUSE OF ACTION**
**Violation of the NYC Victims of Gender-Motivated Violence Protection Law**
**Enabling, Participating In, and Conspiring In the Commission of a Crime of Violence Motivated by Gender**
**(N.Y.C. Admin. Code §§ 10-1101 et seq., as amended by Bill 1297-A)**
**(Against the Institutional Defendants and John Does 1-10)**

51. Plaintiff repeats, realleges, and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

52. The GMVA, as amended by Bill 1297-A, provides a cause of action against any party who "commits, directs, enables, participates in, or conspires in the commission of a crime of violence motivated by gender." N.Y.C. Admin. Code § 10-1104.

53. The Institutional Defendants enabled, participated in, and/or conspired in the commission of the crime of violence motivated by gender against Plaintiff by, *inter alia*:

(a) Hiring, retaining, and placing Hatrick in a supervisory or managerial role when the Institutional Defendants knew or, in the exercise of reasonable care, should have known

of his propensity to commit gender-motivated violence against employees subject to his supervision, and without adequate investigation, training, or safeguards to prevent such violence;

(b) Failing to conduct any meaningful investigation into Plaintiff's report that she had been physically and sexually assaulted by Hatrick;

(c) Failing to terminate or impose any meaningful discipline upon Hatrick after receiving Plaintiff's complaint of a violent physical and sexual assault;

(d) Failing to deliver the promised apology to Plaintiff, thereby signaling to Hatrick and the management team that the assault would be tolerated and that Plaintiff's complaint would not be taken seriously;

(e) Permitting, directing, and ratifying a coordinated campaign of retaliation against Plaintiff for reporting the gender-motivated assault, orchestrated by General Manager Hugh Preece, Assistant General Manager Kevin Greene, Bar Manager Juan Feliciano, and local Human Resources representative Karen Hammer;

(f) Stripping Plaintiff's earned seniority without cause, denying her preferred shifts, denying her Trainer status and promotions, and subjecting her to an attempted retaliatory termination, all of which constituted a continuation and furtherance of the harm flowing from the gender-motivated violence;

(g) Maintaining a corporate culture, and negligent policies and procedures, that allowed gender-motivated violence to occur and go unpunished, and that punished victims who reported such violence; and

(h) Failing to implement adequate policies, procedures, training, and oversight to prevent gender-motivated violence and to protect employees who report such violence from retaliation.

54. Upon information and belief, and as to matters peculiarly within the knowledge and control of the Institutional Defendants, the Institutional Defendants knew or, in the exercise of reasonable care in the hiring, retention, and supervision of Hatrick, should have known of Hatrick's propensity to commit gender-motivated violence against employees subject to his supervision, and nonetheless entrusted him with supervisory and managerial authority over Plaintiff, thereby enabling and participating in the commission of the crime of violence motivated by gender against Plaintiff. The facts establishing such knowledge and notice, including Hatrick's personnel, disciplinary, and complaint history, are within the exclusive possession, custody, and control of the Institutional Defendants, and Plaintiff reserves the right to amend this Complaint pursuant to CPLR 3025 to allege such facts with particularity upon their disclosure in discovery.

55. The Institutional Defendants' enabling conduct was, at a minimum, negligent, and in fact reflected a deliberate corporate pattern and practice of protecting perpetrators and punishing victims of gender-motivated violence. Bill 1297-A was enacted specifically to ensure that institutions that enabled, directed, participated in, or conspired in the commission of gender-motivated violence could be held accountable.

56. This cause of action is timely filed within the eighteen (18) month lookback window established by Bill 1297-A.

57. As a direct and proximate result of the Institutional Defendants' enabling of, participation in, and conspiracy in the crime of violence motivated by gender, Plaintiff suffered and continues

to suffer severe physical, psychological, emotional, and economic injuries, including but not limited to physical pain and suffering, severe emotional distress, psychological trauma, anxiety, depression, loss of career advancement and economic opportunity, loss of seniority and wages, humiliation, and diminished quality of life.

58. The Institutional Defendants' conduct was willful, wanton, malicious, and/or in reckless disregard of Plaintiff's rights, warranting the imposition of punitive damages.

59. By reason of the foregoing, Plaintiff is entitled to compensatory and punitive damages, injunctive and declaratory relief, attorneys' fees and costs, and such other relief as this Court deems just and proper, pursuant to N.Y.C. Administrative Code § 10-1104.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff MELISSA ANDREA PEÑA respectfully demands judgment against Defendants, jointly and severally, as follows:

(a) On the First Cause of Action, against the Institutional Defendants and John Does 1-10, compensatory damages in an amount to be determined at trial, but believed to be in excess of the jurisdictional limits of all lower courts, for the physical, psychological, emotional, and economic injuries sustained by Plaintiff as a result of the Institutional Defendants' enabling of, participation in, and conspiracy in the commission of a crime of violence motivated by gender;

(b) Punitive damages against all Defendants in an amount to be determined at trial, as Defendants' conduct was willful, wanton, malicious, and/or in reckless disregard of Plaintiff's rights;

(c) Injunctive and declaratory relief as this Court deems just and proper;

(d) Pre-judgment and post-judgment interest as allowed by law;

(e) Attorneys' fees, costs, and disbursements of this action pursuant to N.Y.C. Administrative Code § 10-1104; and

(f) Such other and further relief as this Court deems just and proper.

Dated: New York, New York
July 17, 2026

**MARK DAVID SHIRIAN P.C.**

By: ______________________
MARK D. SHIRIAN, ESQ.
*Attorneys for Plaintiff*
228 East 45th Street, Suite 1700-B
New York, New York 10017
Tel.: (212) 931-6530
Fax: (212) 898-0163
Email: mshirian@shirianpc.com

## ATTORNEY'S VERIFICATION BY AFFIRMATION

MARK D. SHIRIAN, an attorney duly admitted to practice before the Courts of the State of New York, affirms the following pursuant to CPLR 2106:

I am the principal of MARK DAVID SHIRIAN P.C., attorneys of record for Plaintiff, JANE DOE. I have read the annexed Summons and Verified Complaint and know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true. My belief, as to those matters not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my files. The reason I make the foregoing affirmation instead of the Plaintiff is that Plaintiff is not presently in the county wherein the attorneys for the Plaintiff maintain their offices.

I affirm this 17th day of July, 2026, under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the foregoing is true, except as to matters alleged on information and belief and as to those matters I believe it to be true, and I understand that this document may be filed in an action or proceeding in a court of law.

**MARK D. SHIRIAN, ESQ.**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

Index No.: ____________

**MELISSA ANDREA PEÑA,**

*Plaintiff,*

*-against-*

**ESPN ZONE, INC.; THE WALT DISNEY COMPANY; TWDC ENTERPRISES 18 CORP. (f/k/a DISNEY ENTERPRISES, INC.); and JOHN DOES 1-10,**

*Defendants.*

***SUMMONS & VERIFIED COMPLAINT***

**MARK DAVID SHIRIAN P.C.**
Attorneys for Plaintiff
228 East 45th Street, Suite 1700-B
New York, New York 10017
(212) 931-6530

TO:

Service of a copy of the within is hereby admitted.

Dated: ____________________

______________________________
Attorneys for ____________________

**CERTIFICATION**

I hereby certify that, to the best of my knowledge, information and belief, the presentation of **SUMMONS & VERIFIED COMPLAINT** and the contentions therein are not frivolous as defined in Subsection (c) of Section 130-1.1 of the Rules of the Chief Administrator (22 NYCRR).

Dated: New York, New York
July 17, 2026

______________________________
Mark D. Shirian, Esq.
Attorneys for Plaintiff
As Designated Above

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF** NEW YORK

-----------------------------------------------------------------x

MELISSA ANDREA PEÑA

Plaintiff/Petitioner,

- against -

Index No.158912/2026

ESPN ZONE, INC.; THE WALT DISNEY COMPANY; TWDC ENTERPRISES 18 CORP. (f/k/a DISNEY ENTERPRISES, INC.); and

Defendant/Respondent.

-----------------------------------------------------------------x

**NOTICE OF ELECTRONIC FILING**
**(Consensual Case)**
(Uniform Rule § 202.5-b)

**You have received this Notice because:**

1) The Plaintiff/Petitioner, whose name is listed above, has filed this case using the New York State Courts E-filing system ("NYSCEF"), and

2) You are a Defendant/Respondent (a party) in this case.

- **<u>If you are represented by an attorney</u>:**
  Give this Notice to your attorney. (<u>Attorneys</u>: see "Information for Attorneys" pg. 2).

- **<u>If you are not represented by an attorney</u>:**
  **You will be served with all documents in paper and you must serve and file your documents in paper, unless you choose to participate in e-filing.**

**<u>If</u> you choose to participate in e-filing, you <u>must</u> have access to a computer and a scanner or other device to convert documents into electronic format, a connection to the internet, and an e-mail address to receive service of documents.**

The **benefits of participating in e-filing** include:

- serving and filing your documents electronically
- free access to view and print your e-filed documents
- limiting your number of trips to the courthouse
- paying any court fees on-line (credit card needed)

**To register for e-filing or for more information about how e-filing works:**

- visit: <u>http://www.nycourts.gov/efile-unrepresented</u> or
- contact the Clerk's Office or Help Center at the court where the case was filed. Court contact information can be found at <u>www.nycourts.gov</u>

To find legal information to help you represent yourself visit www.nycourthelp.gov

**Information for Attorneys**

An attorney representing a party who is served with this notice must either consent or decline consent to electronic filing and service through NYSCEF for this case.

Attorneys registered with NYSCEF may record their consent electronically in the manner provided at the NYSCEF site. Attorneys not registered with NYSCEF but intending to participate in e-filing must first create a NYSCEF account and obtain a user ID and password prior to recording their consent by going to www.nycourts.gov/efile

Attorneys declining to consent must file with the court and serve on all parties of record a declination of consent.

For additional information about electronic filing and to create a NYSCEF account, visit the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center (phone: 646-386-3033; e-mail: nyscef@nycourts.gov).

Dated: July 20, 2026

Mark D. Shirian
Name
MARK DAVID SHIRIAN P.C.
Firm Name

228 East 45th Street, Suite 1700-B
Address
New York, New York 10017

(212) 931-6530
Phone

mshirian@shirianpc.com
E-Mail

To: ESPN ZONE, INC., et al.

6/6/18